T.C. Memo. 2005-269

UNITED STATES TAX COURT

JOSEPH D. DOLL AND CHARLOTTE J. DOLL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19292-03.            Filed November 21, 2005.

Joseph D. Doll and Charlotte J. Doll, pro sese.

<u>Patricia A. Komor</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency of
$47,448 in petitioners' 2001 Federal income tax and a section

$6651(a)(1)$[1] addition to tax of \$10,812.  After a concession,[2] the issues for decision are:  (1) Whether petitioners had any basis in the partnership interests which they sold during 2001 for \$199,375, and (2) whether petitioners can exclude any part of the \$199,375 proceeds from the sale of the partnership interests from taxable income in 2001.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time they filed the petition, petitioners resided in Broomfield, Colorado.  All references to petitioner in the singular are to Joseph D. Doll.

Petitioner organized Custom Design and Manufacturing (CDM) and Accelerated I/O (AIO), both Delaware C corporations. Petitioner also formed Colorcom Ltd. (Colorcom), a Colorado limited partnership.  CDM is the general partner of Colorcom. Petitioner is the president of CDM and owns 80 percent of the stock of CDM.  Colorcom owns 80 percent of AIO, and AIO owns 80 percent of Colorcom.  CDM, Colorcom, and AIO are all working on

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Respondent conceded that no addition to tax pursuant to sec. 6651(a)(1) is due from petitioners for 2001.

the same project, to create a technology that makes computers understand their environment.

As creditors were attempting to force AIO into involuntary bankruptcy, petitioner agreed to sell some of his Colorcom partnership interest to third parties and lend the proceeds to CDM. CDM then lent the money to Colorcom and AIO as it was needed to develop the project. The intent of this transaction was to place CDM in a better position against AIO's other creditors should AIO go into bankruptcy.

In 2001, Colorcom sold 159,500 Colorcom partnership interest units (units) to third parties on behalf of petitioner. Petitioner owned these 159,500 units in Colorcom. The purchasers of the units (purchasers) wrote checks made payable to petitioner in exchange for the partnership interests. The purchasers purchased the units with the specific understanding that the funds paid to petitioner would be used for CDM and not for petitioner's personal expenses. The checks made payable to petitioner were mailed to Colorcom, petitioner endorsed the checks, and then he signed the checks over to CDM. The checks totaled $199,375. Colorcom did not report a profit from this transaction.

CDM deposited the checks from the sale of the units into CDM's bank account and recorded an account payable to petitioner for $199,375. Petitioner is the creditor of this account

payable, and CDM, not Colorcom, is the debtor. During 2001, CDM paid petitioner $15,000 of the account payable.

On October 17, 2002, petitioners filed a timely joint Federal income tax return for 2001 (original return). On their original return, petitioners included Schedule D, Capital Gains and Losses, on which they reported $199,375 from the sale of 159,500 Colorcom units. Petitioners reported zero basis for the units. Petitioners did not include the amounts listed on Schedule D in the computation of their taxable income and related tax liability on the original return.

Based on the original return, respondent mailed petitioners a notice of deficiency stating that "Income reported on Schedule D line 17 was not transferred to the 1040 tax return line 13."

On February 26, 2004, petitioners filed an amended Federal income tax return (first amended return) for 2001. On the first amended return, petitioners reported the same sales price of $199,375 from the sale of 159,500 Colorcom units on Schedule D but also reported a basis of $184,375 with a resulting long-term capital gain of $15,000. The $184,375 of basis reported on the first amended return is the remaining account payable from CDM to petitioner as of December 31, 2001. Petitioners included the $15,000 from Schedule D in the computation of their taxable income on the first amended return.

On October 22, 2004, petitioners filed a second amended Federal income tax return (second amended return) for 2001. On the second amended return, petitioners reported a sales price of $15,000 from the sale of 12,000 Colorcom units on Schedule D with a basis of zero and a long-term capital gain of $15,000. This adjustment to Schedule D did not change petitioners' tax liability as reported on the first amended return.

OPINION

I. Burden of Proof

As a general rule, the notice of deficiency is entitled to a presumption of correctness, and the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Internal Revenue Code (Code). For the burden to shift, however, the taxpayer must comply with the substantiation and record-keeping requirements as provided in the Code and have cooperated with the Commissioner. See sec. 7491(a)(2).

Although petitioner claimed that section 7491(a) applies, petitioner failed to introduce sufficient evidence to shift the

burden to respondent.  Petitioner has not substantiated the items at issue, including the basis of his partnership interest, and therefore, the burden remains on petitioner.

## II.  Sale of Partnership Interest

Section 741 provides that the sale or exchange of a partnership interest shall, except to the extent section 751 applies, be treated as the sale or exchange of a capital asset. Gain or loss from the sale of a partnership interest is measured by the difference between the amount realized and the adjusted basis of the partnership interest.  Sec. 1001(a).

The amount realized is the sum of any money received plus the fair market value of property received.  Sec. 1001(b).  A partner's adjusted basis in his partnership interest is generally the basis of such interest determined under section 722, increased or decreased by the partner's distributive share of income, loss, and certain other items.  Sec. 705.  The basis of an interest in a partnership acquired by a contribution of property, including money, is the amount of money and adjusted basis of such property to the partner at the time of contribution, increased by the amount of any gain recognized under section 721(b) at the time.  Sec. 722.  Any increase in a partner's share of liabilities of the partnership is considered a contribution by such partner to the partnership and increases the basis of the partner's interest in the partnership.  Sec. 752(a).

Except as otherwise provided, the entire amount of the gain or loss on the sale or exchange of property shall be recognized in the year of the sale. Secs. 61(a)(3), 1001(c).

While petitioner agrees with respondent that tax is due on the proceeds of $199,375, petitioner disagrees as to the timing of the inclusion of the gain. Petitioner argues, among other things, that the Securities Act of 1933 (Securities Act) requires Colorcom to sell the partnership units and that petitioner could not legally deposit the proceeds into his personal account in 2001. Securities Act of 1933, ch. 38, secs. 77a-77bbbb, 48 Stat. 74, currently codified at 15 U.S.C. secs. 77a-77bbbb (2000).

Respondent contends that petitioners must recognize gain on the entire $199,375 of proceeds from the sale of the partnership units in 2001 because the units had an adjusted basis of zero, and no other theory operates to exclude the proceeds from taxable income. We agree with respondent.

A. Basis

Respondent contends that petitioner has a zero basis in the Colorcom units he sold. On the original return, petitioner listed a zero basis for the units sold. On the first amended return, petitioner lists the units as having a basis of $184,375, the amount of the outstanding account payable from CDM to petitioner. On the second amended return, petitioner lists a portion of the units as having a basis of zero. Petitioner bears

the burden of substantiating this basis. Rule 142(a); Welch v. Helvering, supra.

A taxpayer's characterization of an item on his income tax return may be considered as an admission against interest on the part of the taxpayer. Times Tribune Co. v. Commissioner, 20 T.C. 449, 452 (1953). Since petitioner's original income tax return listed the units with a zero basis, petitioner has not presented any evidence regarding the basis of the partnership units, and has therefore not satisfied his burden, we sustain respondent's determination.

B. Assignment of Income

Petitioner argues that the Securities Act prohibits petitioner from depositing the purchasers' checks into his own account and using the money for his private use. Petitioner states that the Act does not allow solicitation or advertisement of the partnership units, and therefore there is no market for the units and only Colorcom can sell the units. Petitioner also argues that because Colorcom sold the units and informed the purchasers that their investments would be used on the computer project, it would be illegal for petitioner to keep the proceeds.

While the partnership units may be covered by the Act, the units that were sold belonged to petitioner and not Colorcom. It is well established that income remains taxable to a taxpayer when he earns it or derives it from property he owns. Helvering

v. Eubank, 311 U.S. 122 (1940); Helvering v. Horst, 311 U.S. 112 (1940); Lucas v. Earl, 281 U.S. 111 (1930). The actual reduction to possession is not a requirement.  See Helvering v. Horst, supra; Lucas v. Earl, supra.  Therefore, petitioner cannot avoid taxation on the capital gain from the sale of the 159,500 units based on the understanding by the purchasers that the proceeds would be used for CDM.

Furthermore, even if it would have been illegal for petitioner to keep the proceeds, illegal income is still taxable, and it is still proper to tax petitioner on the proceeds as he owned the units.  See James v. United States, 366 U.S. 213, 218 (1961).

III.  Conclusion

Petitioner chose to sell the 159,500 units in Colorcom to third parties.  Accordingly, petitioner recognized a capital gain for the amount realized less adjusted basis in the year of the sale.  Since petitioner has not proven the adjusted basis of the Colorcom units sold was greater than zero and has not proven an exception to the general rule requiring recognition of the entire gain in the year of sale, we sustain respondent's determination.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not herein discussed, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.